| | |
|---|---|
| 1 | TONY WEST |
| | Assistant Attorney General |
| 2 | MELINDA HAAG |
| | United States Attorney |
| 3 | ARTHUR R. GOLDBERG |
| | SANDRA M. SCHRAIBMAN |
| 4 | Assistant Branch Directors |
| | STEVEN Y. BRESSLER D.C. Bar No. 482492 |
| 5 | Trial Attorney |
| | United States Department of Justice |
| 6 | Civil Division, Federal Programs Branch |
| 7 | P.O. Box 883 |
| | Washington, D.C. 20044 |
| 8 | Telephone: (202) 305-0167 |
| | Facsimile: (202) 616-8470 |
| 9 | Email: Steven.Bressler@usdoj.gov |
| 10 | Attorneys for the United States Department of Justice |

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | | |
|---|---|---|
| THE UNITED STATES DEPARTMENT OF JUSTICE, | ) ) ) | |
| Plaintiff, | ) ) | CIVIL ACTION NO.: |
| v. | ) ) | **COMPLAINT FOR INJUNCTIVE AND DECLARATORY RELIEF** |
| ▊▊▊▊▊▊▊▊▊▊▊▊▊ | ) ) ) | **LODGED UNDER SEAL** |
| Defendant. | ) ) | |

Plaintiff, the United States Department of Justice, by its undersigned attorneys, brings this civil action for declaratory and injunctive relief, and alleges as follows:

**INTRODUCTION**

1. Counterintelligence and counterterrorism investigations ordinarily must be carried out in secrecy if they are to succeed. Because these investigations are directed at groups or individuals taking efforts to keep their own activities secret, it is essential that targets not learn that they are the subject of an investigation. If targets learn that their activities are being investigated, they can be expected to take action to avoid detection or disrupt the government's

U.S. Dep't of Justice v ▊▊▊▊▊▊▊▊▊▊
Complaint for Injunctive and Declaratory Relief

intelligence gathering efforts. The same concern applies to knowledge about the sources and methods the United States intelligence community is using to acquire information, knowledge which can be used both by the immediate targets of an investigation and by other terrorist and foreign intelligence organizations. And even after a particular investigation has been completed, information about the government's investigative methods can educate other potential targets about how to circumvent and disrupt future counterintelligence or counterterrorism investigations.

2. The [redacted] Federal Bureau of Investigation ("FBI") is conducting an ongoing national security investigation. As part of that investigation, [redacted] 2011 the FBI sent defendant [redacted] a National Security Letter ("NSL") as authorized by statute, 18 U.S.C. § 2709, seeking limited and specific information necessary to the investigation which the FBI had and has been unable to obtain elsewhere. An authorized FBI official certified to defendant that disclosure of the fact or contents of the [redacted] 2011 NSL sent to defendant may, *inter alia*, endanger national security. Moreover, disclosure of the fact or contents of the NSL is prohibited by statute, 18 U.S.C. § 2709.

3. Defendant has objected to the NSL, including its request for information as well as its nondisclosure requirement. The FBI continues to need the information requested in the NSL to further an ongoing national security investigation. Moreover, as an authorized FBI official has certified, disclosure of the fact or contents of the NSL may endanger the national security of the United States. For those reasons, the Department of Justice brings this action for declaratory and injunctive relief to obtain information necessary to the FBI's investigation, protect the national security, and enforce the law. This Court should enter a declaratory judgment, and enter an injunction to the effect that, the defendant must comply with the NSL it received and, moreover, that defendant is bound by the nondisclosure provisions of 18 U.S.C. § 2709 and the NSL.

## JURISDICTION AND VENUE

4. The Court has jurisdiction pursuant to 28 U.S.C. §§ 1331, 1345.

5. Venue lies in the Northern District of California pursuant to 18 U.S.C. § 3511(c) and 28 U.S.C. § 1391.

## PARTIES

6. Plaintiff is the United States Department of Justice, an Executive Agency of the United States of America. The Federal Bureau of Investigation ("FBI") is a law enforcement agency within the Department of Justice.

7. Defendant ▓▓▓▓▓▓▓▓▓▓ ("defendant"), is a ▓▓▓▓▓▓▓▓▓▓ with a principal place of business at ▓▓▓▓▓▓▓▓▓▓ Defendant ▓▓▓▓▓▓▓▓▓▓

## STATUTORY BACKGROUND

8. Title 18 U.S.C. § 2709 authorizes the FBI to issue National Security Letters in connection with foreign counterintelligence and counterterrorism investigations. The FBI has similar authority to issue NSLs under the National Security Act of 1947, the Fair Credit Reporting Act, and the Right to Financial Privacy Act. *See* 12 U.S.C. §§ 3414(a)(1) and 3414(a)(5); 15 U.S.C. § 1681u, 1681v; 50 U.S.C. § 436.

9. Subsections (a) and (b) of § 2709 authorize the FBI to request "subscriber information" and "toll billing records information," or "electronic communication transactional records," from wire or electronic communication service providers, including telephone companies. In order to issue an NSL, a designated official must certify that the information sought is "relevant to an authorized investigation to protect against international terrorism or clandestine intelligence activities . . . ." *Id.* § 2709(b)(1)-(2). When an NSL is issued in connection with an investigation of a "United States person," the same officials must certify that the investigation is "not conducted solely on the basis of activities protected by the first amendment . . . ." *Id.*

10. To protect the secrecy of counterintelligence and counterterrorism investigations, § 2709(c) places a nondisclosure obligation on recipients of NSLs. Section 2709(c) prohibits

disclosure when a designated FBI official certifies, prior to the issuance of the NSL, that "otherwise there may result a danger to the national security of the United States, interference with a criminal, counterterrorism, or counterintelligence investigation, interference with diplomatic relations, or danger to the life or physical safety of any person." *Id.* § 2709(c)(1). When such a certification is made, the NSL itself notifies the recipient of the nondisclosure requirement. *Id.* § 2709(c)(2).

11. Title 18 U.S.C. § 3511 provides for judicial review of NSLs.

12. Section 3511(a) authorizes the recipient of an NSL to petition a district court "for an order modifying or setting aside the request" for information contained in the NSL.

13. Section 3511(b) authorizes the recipient of an NSL to petition a district court "for an order modifying or setting aside a nondisclosure requirement imposed in connection with" the NSL. *Id.* § 3511(b)(1). Section 3511(b) provides that the district court "may modify or set aside" the nondisclosure requirement if the court finds no "reason to believe" that disclosure "may endanger the national security of the United States" or cause the other harms specified in Section 2709(c). If a designated senior FBI or DOJ official certifies at the time of the petition that disclosure may endanger national security or interfere with diplomatic relations, § 3511(b) further provides that the certification "shall be treated as conclusive" by the district court unless it was made "in bad faith." If the petition is filed a year or more after the issuance of the NSL, a denial of the petition precludes the recipient from filing another petition for one year. *Id.*

14. Section 3511(c) provides that, when the recipient of an NSL "fail[s] to comply with [the] request for records, a report, or other information," the Attorney General "may invoke the aid of any district court of the United States within the jurisdiction in which the investigation is carried on or the person or entity resides, carries on business, or may be found, to compel compliance with the request." The court thereafter "may issue an order requiring the person or entity to comply with the request," and failure to obey the order of the court may be punished as contempt. *Id.*

## STATEMENT OF THE CLAIM

**I.** ▬▬▬▬▬▬▬▬▬▬

15. Defendant ▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬

▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬

16. The ▬▬▬▬▬▬▬ that ▬▬▬▬▬ provides to its ▬▬▬

▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬

▬▬▬▬▬▬▬▬▬▬▬▬

**II. FBI's Investigation**

17. During the course of an ongoing, authorized national security investigation, the FBI ▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬ The FBI's ▬▬▬▬ opened a national security investigation to ▬▬▬▬▬▬▬▬▬▬▬▬▬

18. The FBI ▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬ ▬▬ The FBI then determined that ▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬ The FBI then ▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬ ▬▬

19. ▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬ Pursuant to 18 U.S.C. § 2709, the FBI served ▬▬▬▬▬▬ with an NSL, requesting the ▬▬▬▬ ▬▬▬▬▬▬▬▬▬

20. The NSL served on ▬▬▬▬▬ was issued by the ▬▬▬▬▬ ▬▬▬▬▬▬▬▬ under the authority of 18 U.S.C. § 2709. *See* ▬▬▬ 2011 NSL (attachment A). The ▬▬▬▬▬▬▬▬▬▬ in accordance with 18 U.S.C. § 2709(b), that the information sought was relevant to an authorized investigation to protect against international terrorism or clandestine intelligence activities. *Id.*

21. The NSL, dated ▬▬▬ 2011, sought ▬▬▬▬▬▬▬▬▬▬▬ ▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬

*U.S. Dep't of Justice v.* ▬▬▬▬▬▬
*Complaint for Injunctive and Declaratory Relief*

5

22. The NSL informed [REDACTED] of the prohibition against disclosing the contents of the NSL, certifying, in accordance with 18 U.S.C. § 2709(c), that such disclosure could result in an enumerated harm that is related to an "authorized investigation to protect against international terrorism or clandestine intelligence activities."

23. The NSL notified [REDACTED] that, in accordance with 18 U.S.C. § 3511(a) and (b), [REDACTED] had a right to challenge the letter if compliance would be unreasonable, oppressive, or otherwise illegal.

24. The NSL also advised that [REDACTED] had 10 days to notify the FBI as to whether it desired to challenge the nondisclosure provision.

III. [REDACTED] Refusal To Comply With 18 U.S.C. § 2709

25. In a letter sent via electronic mail, dated [REDACTED] 2011, defendant, through counsel, advised that it intended to "exercise its rights under 18 U.S.C. § 3511(a) and (b) to challenge the NSL referenced above, including the nondisclosure provision of the NSL."

26. [REDACTED] 2011 letter also requested an extension of time in order to consider legal issues regarding the NSL. FBI agreed to extend the due date for compliance with the NSL to [REDACTED] 2011.

27. On [REDACTED] 2011, defendant [REDACTED]

28. Defendant's [REDACTED] notified the FBI that defendant does not intend to comply with the NSL's demand for information or its nondisclosure requirement.

29. To date, the FBI's [REDACTED] has been unable to [REDACTED]. The FBI continues to need that information to further an ongoing national security investigation.

**COUNT ONE - VIOLATION OF 18 U.S.C. § 2709**

30. Plaintiff incorporates by reference paragraphs 1 through 29 above.

31. Defendant has stated its objection to compliance with the provisions of, and has not complied with, a National Security Letter that was lawfully issued pursuant to 18 U.S.C. § 2709.

32. Defendant's failure to comply with a lawfully issued National Security Letter violates federal law, 18 U.S.C. § 2709.

**COUNT TWO - FAILURE TO ABIDE BY A VALID NATIONAL SECURITY LETTER; INTERFERENCE WITH THE UNITED STATES' SOVEREIGN INTERESTS**

33. Plaintiff incorporates by reference paragraphs 1 through 32 above.

34. Defendant has stated its objection to compliance with the provisions of, and has not complied with, a National Security Letter that was lawfully issued pursuant to 18 U.S.C. § 2709.

35. Defendant's failure to comply with a lawfully issued National Security Letter interferes with the United States' vindication of its sovereign interests in law enforcement, counterintelligence, and protecting national security.

**PRAYER FOR RELIEF**

WHEREFORE, the United States Department of Justice prays for the following relief:

1. That this Court enter a declaratory judgment, pursuant to 28 U.S.C. § 2201(a), that the defendant is bound by the provisions of 18 U.S.C. § 2709 and the [   ] 2011 NSL to [   ] including the requirement that defendant provide the requested information to the FBI.

2. That this Court enter a declaratory judgment, pursuant to 28 U.S.C. § 2201(a), that disclosure of the fact or contents of the [   ] 2011 NSL to [   ] may result in a danger to the national security of the United States, interference with a criminal, counterterrorism, or counterintelligence investigation, interference with diplomatic relations, or danger to the life or physical safety of a person; and that the defendant is bound by the nondisclosure provisions of 18 U.S.C. § 2709 and the [   ] 2011 NSL to [   ] including the requirement that defendant not disclose the fact or contents of the [   ] 2011 NSL to any person (other than those to whom such disclosure is necessary to comply with the request or an attorney to obtain legal advice or legal assistance with respect to the request).

3. That this Court enjoin defendant to comply with the request for information made in and by the [ ] 2011 NSL to [ ] and provide that information to the FBI as soon as practicable within not more than ten days of the Court's Order.

4. That this Court enjoin defendant, in accordance with 18 U.S.C. § 2709(c), from disclosing to any person (other than those to whom such disclosure is necessary to comply with the request or an attorney to obtain legal advice or legal assistance with respect to the request) that the FBI has sought or obtained access to information or records from defendant under 18 U.S.C. § 2709.

5. That this Court grant plaintiff such other and further relief as may be just and proper, including any necessary and appropriate temporary, preliminary, and/or permanent injunctive relief.

Dated: June 2, 2011

Respectfully submitted,

TONY WEST
Assistant Attorney General

MELINDA HAAG
United States Attorney

ARTHUR R. GOLDBERG
SANDRA M. SCHRAIBMAN
Assistant Directors, Federal Programs Branch

　/s/ Steven Y. Bressler　
STEVEN Y. BRESSLER D.C. Bar #482492
Trial Attorney
U.S. Department of Justice
Civil Division, Federal Programs Branch
P.O. Box 883
Washington, D.C. 20044
Telephone: (202) 305-0167
Facsimile: (202) 616-8470
Steven.Bressler@usdoj.gov

*Counsel for Plaintiff*